IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

ROBERT TROY McCLURE                    §

v.                                     §        CIVIL ACTION NO. 5:10cv66

TDCJ-CID, ET AL.                       §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert McClure, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, McClure names the Texas Department of Criminal Justice, Correctional Institutions Division; Warden David Hudson; Warden Jeffrey Calfee; law librarian Chequita Dunbar; food service manager Tori Scott; and Sgt. Kelly May of the Safe Prisons Department.

McClure complains that he has been pursuing litigation against TDCJ since being sexually assaulted by an officer with a riot baton in 2007. He complains that he is being denied access to court and to legal visits, and that in 2009, he tried to mail a pair of bloody boxer shorts to the federal court in San Antonio, as part of his lawsuit there, but these were removed from the mail. He also complains of being deprived of a mattress and having to sleep on the floor, and that he is being constantly deprived of paper and pens, rendering his access to court more difficult. McClure also asserts that he has been deprived of adequate food and that he has been the victim of retaliation.

The Magistrate Judge ordered the Defendants to answer the lawsuit. The Defendants filed a motion for summary judgment, to which McClure has filed a response.

After review of the pleadings in the case, including the motion for summary judgment, the response, and the competent summary judgment evidence, the Magistrate Judge issued a Report on January 31, 2011, recommending that the Defendants' motion for summary judgment be granted and that the lawsuit be dismissed. The Magistrate Judge stated that McClure had not shown that he had been deprived of access to court, but that on the contrary, he had been able to and did file a significant quantity of pleadings in this lawsuit as well as several others which he has filed. The Magistrate Judge also noted that McClure has no right to face-to-face legal visits with particular inmates.

With regard to the removal of the boxer shorts, the Magistrate Judge noted that the San Antonio court entered an order on February 4, 2010, specifically directing that McClure not submit physical evidence without permission. This order was entered after McClure tried to send the boxer shorts, which happened in September of 2009; however, the Magistrate Judge observed that McClure could have obtained a court order to submit the boxer shorts, which would have prevented their confiscation as contraband.[1] Furthermore, the Magistrate Judge stated, McClure did not show how the confiscation of the bloody boxer shorts impeded his legal position.

With regard to the housing conditions in segregation, the Magistrate Judge stated that while the general conditions described by McClure may have been unpleasant and uncomfortable, he did not show that these were unconstitutional. The Magistrate Judge also concluded that McClure did not exhaust his administrative remedies regarding his claim that Warden Hudson was involved in the alleged denial of his mattress, and that he did not show any involvement by Hudson with this claim in any event.

---

[1]As the Magistrate Judge stated, McClure had possessed these boxer shorts for a considerable period of time, if they were the same ones worn during a 2007 assault.

Turning to the issue of the alleged failure to protect, the Magistrate Judge noted that the evidence showed that after McClure complained that he was in danger from his cellmate, he was removed from the cell, and a notation was made that he should not be housed with that individual in the future. His claim that he was in danger from the Tango Blast prison gang was investigated and insufficient evidence was found to substantiate it. McClure was later placed in administrative segregation based on the fact that by his own admission, he made a weapon from a broken food tray. The Magistrate Judge concluded from the summary judgment evidence that McClure had failed to show that any of the Defendants were deliberately indifferent to his safety.

With regard to McClure's claim that he was denied adequate food, the Magistrate Judge stated that the lists of meals provided by McClure showed that he was not being deprived of the minimal civilized measure of life's necessities. Even if the meals were "unappetizing or unattractive," the Magistrate Judge determined that no constitutional violation had been set forth. The Magistrate Judge also concluded that McClure had not set out a constitutionally cognizable claim of retaliation. Finally, the Magistrate Judge determined that the Defendants were entitled to the defense of qualified immunity.

McClure filed objections to the Report of the Magistrate Judge. None of these objections address any of the specific factual findings or legal conclusions proposed by the Magistrate Judge. Instead, in his objections, he says generally that "the conclusions are flawed because the information is not correct," and that he has filed declarations stating constitutional violations but the Magistrate Judge said that he did not. He says that "it is as if all of his evidence was overlooked," although the Magistrate Judge discussed McClure's pleadings, declarations, and grievances in considerable detail.

McClure stated that for example, the Magistrate Judge stated that McClure had filed "a dozen lawsuits and three appeals," and that this is not correct. Court records show that McClure has filed lawsuits or habeas corpus petitions in the Northern District of Texas under case numbers 2:11cv2, 2:11cv3, and 2:11cv4; in the Western District of Texas under cause numbers 5:08cv804, 5:09cv11, 5:10cv43, 6:10cv77, 5:09cv164, 5:10cv536, 5:08cv931, and 5:07mc835; and in the Eastern District

of Texas under cause numbers 5:10cv66 (the present case), 5:10cv78, 5:10cv79, 5:09cv190, and 5:10cv235. Of these cases, he filed appeals in cause no.'s 5:08cv804, 5:08cv931, and 5:09cv164. The Magistrate Judge cited McClure's filings to show that he was not being deprived of access to court, a conclusion which McClure did not specifically challenge, or show that the Magistrate Judge erred in arriving at this conclusion.

Finally, McClure asks that he be allowed to appeal so that he can address the alleged errors by this Court. Nothing in the Magistrate Judge's Report or this Memorandum Opinion could serve to prevent McClure from appealing the dismissal of this lawsuit. However, as noted above, none of McClure's objections address any of the specific findings or conclusions which were proposed by the Magistrate Judge, thus *de novo* review of these proposed findings and conclusions is not warranted. *See* Douglass v. United Services Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (noting that proposed factual findings and legal conclusions which are not objected to may not be challenged on appeal except upon grounds of plain error, but that the appeals court will not ordinarily hold that a point reviewed *de novo* by the district judge was not objected to before it was so reviewed). Thus, McClure is barred from challenging the proposed factual findings or legal conclusions accepted by the district court except upon a showing of plain error.

The Court has reviewed the pleadings in this cause, the summary judgment evidence furnished by the parties, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections, which address none of the proposed factual findings or legal conclusions of the Magistrate Judge, are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge (docket no. 31) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 27) is GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 28th day of February, 2011.**

_____

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE